## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DONALD WAYMAN,           )<br>          Plaintiff,        )<br>                                )<br>vs.                              )<br>                                )<br>ACCOR NORTH AMERICA, INC., d/b/a )<br>MOTEL 6,                  )<br>          Defendant.      )<br>_____) | Case No. 06-4103-JAR |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND

COMES NOW the Plaintiff, by and through Matthew L. Bretz of Bretz Law Offices, and submits Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion to Amend so that Plaintiff may add a necessary party to this suit. Plaintiff shows the Court that this Motion is unopposed, and that counsel for Defendant Accor North America, Inc., hereinafter "Accor", agrees to an Order allowing the requested amendment.

### I.    INTRODUCTION.

This action arises from an automobile accident which occurred on May 23, 2005. As alleged in the initial Petition which was filed in the Pottawatomie County, Kansas, District Court, at the time of the automobile accident Plaintiff was in the doorway of his room at the "Motel 6" owned and operated by Defendant Accor, when he was struck by a motor vehicle which was being driven by Frederick Ristow. At the time of the accident, Mr. Ristow was returning to his place of employment at the Motel 6, which is owned and operated by Defendant Accor, where he was both managing the motel and was living at the motel to further the business

interests of Accor.

Plaintiff's former attorney initially filed suit only against Accor, alleging that Mr. Ristow was in the course and scope of his employment at the time of the collision, and that, therefore, Defendant Accor was vicariously liable for his actions under the Doctrine of Respondeat Superior. Plaintiff also alleged that Defendant Accor, itself, was negligent if failing to protect its tenants from harm, and to provide employees who protect tenants from harm.

Since the time of Plaintiff's initial Petition being filed, Defendant Accor has alleged that Mr. Ristow was not in the course and scope of his employment at the time of the collision, and that they do not have any vicarious liability for Frederick Ristow's negligence in causing the collision.

Further, on November 30, 2006, counsel for Defendant Accor notified Plaintiff's counsel that Defendant Accor will not waive any legal objections or defenses resulting from Plaintiff settling with Mr. Ristow and his insurer. Therefore, while Plaintiff had requested permission from Defendant Accor to settle with Mr. Ristow, it now appears that settlement with Mr. Ristow will not be possible.

Therefore, Plaintiff respectfully requests permission to file a First Amended Complaint in order to add Mr. Ristow as a party defendant.

**II.   JOINDER OF FREDERICK RISTOW IS NECESSARY.**

Under the Federal Rules of Civil Procedure, persons in whose absence complete relief cannot be accorded are considered to be necessary parties, and should be added. Fed. R. Civ. P. 19(a) provides, in pertinent part:

> "(a)   Persons to Be Joined if Feasible.  A person who is subject to service of process and whose joinder will not deprive the

>court of jurisdiction over the subject matter of the action
>shall be joined as a party in the action if (1) in the person's
>absence complete relief cannot be accorded among those
>already parties . . .   If the person has not been so joined,
>the court shall order that the person be made a party. . . ."

In the present case, Mr. Ristow would not be a necessary party in two circumstances: First, if Accor admitted that Mr. Ristow was in the course and scope of his employment at the time of the collision and that they were vicariously liable for his negligence, then Mr. Ristow would not be a necessary party since Plaintiff could get complete relief from Accor.  However, Accor denies that Mr. Ristow was in the course and scope of his employment at the time of the collision, and denies vicarious liability.

Second, Mr. Ristow could be determined not to be a necessary party if Accor would allow Plaintiff to settle with Mr. Ristow and reserve its claims of vicarious liability against Accor.  Plaintiff has attempted to get this permission to settle on both October 10, 2006, and November 3, 2006, but on November 30, 2006, counsel for Accor responded stating that Accor will not agree to waive any legal objections or defenses resulting from Plaintiff settling with Mr. Ristow and his insurer.  Copies of these letters are attached as Exhibits "1", "2", and "3".

Therefore, Plaintiff is left in a situation where there is a potential that Plaintiff would not be able to obtain complete relief if Mr. Ristow is not joined as a party defendant.  For example, if the jury would determine that Mr. Ristow was not in the course and scope of his employment at the time of the collision, then Plaintiff could not recover his damages under Plaintiff's claim of vicarious liability against Defendant Accor.  Similarly, if Plaintiff settles with Mr. Ristow without an agreement from Accor and then a jury determines that Mr. Ristow was in the course and scope of his employment at the time of the collision, then Plaintiff could not recover any additional damages against Defendant Accor.

Accordingly, since the failure to allow joinder of Mr. Ristow would result in a situation where complete relief could not be accorded among those already parties, Fed. R. Civ. P. 19(a) makes joinder of Mr. Ristow mandatory.

### III.     JOINDER OF MR. RISTOW WILL NOT DEPRIVE THIS COURT OF JURISDICTION.

In the very recent case of Ansinelli v. Bercu, Case No. 05-CV-0893 (S.D. Ill. 10-27-2006), a copy of which is attached as Exhibit "4", this identical issue was addressed. In that wrongful death case, the plaintiff initially filed suit in state court, and the diverse defendant filed a Notice of Removal. After the case was removed to federal court under the diversity of citizenship statute, the plaintiff added another defendant who was a citizen of the state where the plaintiff was also a resident. The issue then arose as to whether the joinder of a non-diverse defendant destroyed diversity of citizenship jurisdiction. Id.

The federal court in Ansinelli answered in the negative, reasoning that the sufficiency of jurisdiction is determined once and for all at the threshold, and if found to be present should continue until final disposition of the action. Id. Citing Smith v. Widman, 627 F.2d 792 (7th Cir. 1980). Therefore, the court concluded:

> "In this matter, diversity of citizenship existed, pursuant to 28 U.S.C. 1332(a), at the time of Bercu's original removal on December 21, 2005. Ansinelli's decision to now add Marion, a non-diverse party, does not divest the Court of its subject matter jurisdiction over this matter." Id.

Likewise, in the present case, at the time that Accor removed this matter, diversity of citizenship existed. Plaintiff's decision to add Mr. Ristow, a non-diverse party, will not divest this Court of its subject matter jurisdiction over this matter.

### IV.     CONCLUSION.

Based on the facts, arguments and authorities set forth herein, Plaintiff respectfully submits that he should be allowed to file Plaintiff's First Amended Complaint to add Mr. Ristow, a person in whose absence complete relief might be denied.

        Respectfully submitted,

        By: s/ Matthew L. Bretz
        Matthew L. Bretz, #15466
        1227 N Main Street
        P.O. Box 1782
        Hutchinson, KS 67504-1782
        (620) 662-3435
        (620) 662-3445 (fax)
        mbretz@bretzpilaw.com
        Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 4, 2006, a true and correct copy of the foregoing was electronically served on the following:

Curtis L. Tideman
David Frye
LATHROP & GAGE
10851 Mastin Blvd.
Building 82, Suite 1000
Overland Park, KS 66210-1669

and the original was electronically filed with the Clerk of the United States District Court.

                                s/ Matthew L. Bretz
                                   Matthew L. Bretz, #15466