### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DONALD WAYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 06-4103-JAR |
| vs. ) | |
| ) | |
| ACCOR NORTH AMERICA INC., d/b/a ) | |
| MOTEL 6, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### PROTECTIVE ORDER

This matter comes before the court upon defendant Accor North America, Inc.'s motion for protective order. The court has contacted plaintiff's attorney who does not oppose the present motion. Pursuant to Federal Rule of Civil Procedure Rule 26(c), for good cause shown, it is hereby **ORDERED:**

1. This Protective Order shall govern any documents or other discovery materials, including, but not limited to (a) documents from the personnel file of any current or former employee of Defendant Accor North America Inc. or other documents which name or otherwise identify any such current or former employee of Defendant Accor North America Inc. and (b) documents that contain financial, medical, proprietary, or guest information, or otherwise confidential material of Defendant or any of its current or former employees, or guests, which documents or materials are produced in response to any discovery requested or obtained by Plaintiff or Defendant in the above-captioned case and are designated "Confidential."

2. It is understood by both parties that all such documents specifically so designated by either party, and the information contained in such documents, are confidential as the documents contain personal, financial, medical, proprietary or otherwise confidential information.

3. All such documents so designated by either party, and the information contained in such documents, shall be treated as confidential by all persons covered by this Agreement, and shall be used solely for the prosecution or defense of this action. No such document, and no information contained in any such document, shall be disclosed to anyone, in any manner whatsoever, except as provided herein.

4. Nothing in the Protective Order shall be construed to prevent counsel for either party from disclosing such documents, and the information contained in such documents, to support staff assisting counsel in the preparation or presentation of either party's case, or from exhibiting any such documents or confidential information to said support staff assisting counsel, or to deponents during the course of their depositions if counsel reasonably believes the deponents have discoverable information abut such documents or confidential information, to court reporters, or as required by law.

5. Disclosure shall not be made of any such document to any individual including Frederick Ristow and any party's expert witnesses (but excluding counsel or support staff) unless and until counsel has first presented to such individual a copy of the Protective Order. All counsel shall require such person to read the Protective Order and to acknowledge reading and understanding the terms of the Protective Order by placing his or her signature on a separate sheet attached to the Protective Order. All such persons shall be bound by the terms of the Protective Order and shall not permit disclosure or exhibition of the documents, or information contained in such documents, other than pursuant to the terms of the Protective Order.

6. No confidential information may be disclosed in any pleading or any other item filed with the Court without permission of the Court. In the event a party wishes to use any information identified as Confidential, including any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and

other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information.  In the event the court grants the party's motion, such information shall be maintained under seal by the court and shall be treated as Confidential.[1]

7.    Defendant Accor North America Inc. shall deem any documents produced which it believes to be subject to this Order confidential and shall label or stamp such documents accordingly. The parties may consent that a document produced pursuant to discovery may be removed from th scope of the Protective Order.  Such consent shall be indicated in writing addressed to the opposing Counsel.

8.    If a party considers a document not to be confidential and desires the removal of such designation, counsel for that party shall discuss the matter with the opposing counsel to ascertain if confidentiality by agreement may be lifted or narrowed.  If agreement of counsel cannot be had, then the Court may, upon application, make such order.

9.    It is further understood that no copies shall be made of any documents produced by either party, unless necessary in connection with this litigation.

10.   The termination of proceedings in this action shall not relieve any person to whom confidential material has been disclosed from the obligations of the Protective Order, unless the Court orders otherwise.

11.   Within thirty (30) days of final adjudication, including but not limited to final adjudication of any appeals or petitions for extraordinary writs, and upon request of the producing party, all copies of confidential documents and summaries thereof in the actual or constructive custody and possession of any party except the owner, or counsel for any party except the owner, shall be returned to counsel for the producing party by all persons to whom they have been furnished or destroyed and the inspecting

---

[1] *See, e.g.*, *Holland v. GMAC Mort. Corp.*, 2004 WL 1534179, at *2 (D. Kan. June 30, 2004)(setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka*, 2004 WL 316073 (D. Kan. Feb. 17, 2004)(same).

party shall provide to the producing party an affidavit which attests to the destruction of such documents. Counsel for each party may retain a copy of these documents as necessary to maintain a complete counsel file, but shall maintain the confidentiality of any documents retained and not destroyed.

12. This Order is not rendered to the prejudice of either party to seek further protective orders throughout the process of discovery or otherwise during this litigation.

**IT IS SO ORDERED.**

Dated this 2d day of January, 2007 in Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge