IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD WAYMAN,

        Plaintiff,

v.                                    Case No.   06-4103-JAR

ACCOR NORTH AMERICA, INC., d/b/a
MOTEL 6,

        Defendant.

## REPORT & RECOMMENDATIONS

This matter comes before the court upon the unopposed motion of plaintiff Donald Wayman to Amend his complaint (Doc. 14).  Specifically, plaintiff seeks to add Frederick Ristow as an additional defendant.  The memorandum in support of this motion explains that defendant does not oppose the present motion.[1]  Further, the time allowed under our local rules for defendant to have filed a response in opposition to the present motion has passed.[2]  Thus, the present motion is ripe for decision.  While an unopposed motions will "ordinarily be granted without further notice,"[3] the court finds additional discussion on the present motion necessary.

## I.   Relevant Factual Background

Plaintiff commenced this action in the District Court of Pottawatomie County, Kansas, on August 11, 2006.  In his complaint, plaintiff alleges a negligence cause of action.  Specifically, plaintiff alleges that on May 23, 2005 Frederick Ristow, while acting within the scope of his employment with Defendant, negligently drove a vehicle which struck plaintiff while he was

---

[1]Memorandum in Support of Plaintiff's Motion to Amend Complaint (Doc. 16) at p. 1.

[2] *See* D. Kan. R. 6.1(d)(1).

[3]D. Kan. R. 7.4.

entering a motel room that is owned and operated by defendant Accor North America.

On September 12, 2006, defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1441, et. seq.[4]  Specifically, defendant claims this court has jurisdiction pursuant to 28 U.S.C. § 1332, because of diversity of citizenship and the amount in controversy exceeds $75,000. Subsequently, plaintiff filed the present Motion to Amend to add Frederick Ristow as an additional defendant pursuant to Fed. R. Civ. P. 19(a).  According to plaintiff's proposed First Amended Complain, both plaintiff and Frederick Ristow are residents of Kansas.[5]

## II.    Parties' Contentions

Plaintiff seeks to add Frederick Ristow to this action pursuant to Fed. R. Civ. P. 19(a).[6] Plaintiff contends that joinder of Mr. Ristow is necessary because plaintiff will not be able to obtain complete relief if Mr. Ristow is not joined as an additional defendant.[7]  Plaintiff alleges two scenarios in which he will be unable to obtain complete relief if Mr. Ristow is not joined. First, if a jury agrees with defendant "that Mr. Ristow was [not] in the course and scope of his employment" when he allegedly injured plaintiff, "then Plaintiff could not recover his damages under Plaintiff's claim of vicarious liability against defendant Accor."[8]  Second, "if Plaintiff settles with Mr. Ristow without an agreement for [Defendant] and then a jury determines that Mr. Ristow was in the course and scope of his employment at the time of the collision, then

---

[4] (Doc. 1).

[5] *See* Exhibit in Support (Doc. 15).

[6] Memorandum in Support of Plaintiff's Motion to Amend Complaint (Doc. 16) at pp. 2-4.

[7] *Id.* at 3.

[8] *Id.*

2

Plaintiff could not recover any additional damages against Defendant."[9]

Plaintiff further contends that although Mr. Ristow would be a non-diverse party, this court does not lack jurisdiction to hear this case.[10]  Plaintiff argues that if diversity of citizenship existed at the time of removal, then the subsequent action of adding a non-diverse party "will not divest this Court of its subject matter jurisdiction over this matter."[11]

**III.    Discussion**

**A.    Whether amendment of pleadings is proper.**

The procedure for amending pleadings is controlled by Fed. R. Civ. P. 15, which states in pertinent part:

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.[12]

While the Motion to Amend is unopposed,[13] defendant has not given its written consent to the amendment.  The decision to grant leave to amend lies within the discretion of the court.[14]  In considering whether to grant leave to amend, the court evaluates several factors including

---

[9]*Id.*

[10]*Id.* at 4.

[11]*Id.*

[12]Fed. R. Civ. P. 15(a).

[13]Memorandum in Support of Plaintiff's Motion to Amend Complaint (Doc. 16) at p. 1.

[14] *Stewart v. Brd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003).

whether the amendment will cause undue delay or prejudice to the non-moving party.[15]  As defendant does not object to the present motion and discovery will not be completed until April 2, 2007, defendant should not suffer prejudice.[16]  However, before granting plaintiff's motion to amend the pleadings, the court must decide whether joinder of Mr. Ristow as a party to this action is proper.

### B.    Whether joinder of Mr. Ristow as a party to this action is proper.

Plaintiff contends that joinder of Mr. Ristow is proper pursuant to Fed. R. Civ. P. 19(a) because plaintiff might not be able to obtain complete relief if Mr. Ristow is not joined. Pursuant to Fed. R. Civ. P. 19(a), " [a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief *cannot be* accorded among those already parties."[17]  Plaintiff argues that there are two potential circumstances in which plaintiff could not obtain complete relief: (1) if a jury were to determine that Mr. Ristow was not acting within the course and scope of his employment, then plaintiff could not recover damages for his claim of vicarious liability against defendant Accor; or (2) if plaintiff settles with Mr. Ristow without an agreement from defendant Accor reserving plaintiff's right to seek recovery from defendant based upon Mr. Ristow' conduct, and a jury determines that Mr. Ristow was acting within the course and scope of his employment, then plaintiff could not recover any

---

[15] *Little v. Reed-Prentice Div. Of Package Mach. Co.*, 131 F.R.D. 591, 593 (D. Kan. 1990) (citations omitted).

[16] Scheduling Order (Doc. 7).

[17] (Emphasis added).

additional damages against defendant.[18]

Here, however, plaintiff has only shown circumstances where a potential for lack of full relief exists.  Plaintiff has not shown that he *cannot* be afforded complete relief without the addition of Mr. Ristow.  In fact, plaintiff could obtain complete relief if plaintiff did not settle with Mr. Ristow and a jury found that Mr. Ristow acted within the scope of his employment. Thus, the court finds that joinder may be more appropriate to consider under Fed. R. Civ. P. 20.

Fed. R. Civ. P. 20(a) provides:

> All persons may join in one action...as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Rule 20 sets out a two-part test for joinder: (1) whether the claims against defendants arise out of the same transaction or occurrence; and (2) whether there are common questions of law or fact to all defendants.  The court finds the claim against Mr. Ristow arises out of the same transaction or occurrence as the claim against defendant Accor because one act, Mr. Ristow's alleged negligent driving, is the basis for the claim against both defendant Accor and Mr. Ristow.  The court also finds that there will likely be common questions of law or fact regarding both defendant Accor and Mr. Ristow.  Specifically, whether Mr. Ristow acted within the scope of his employment would impact both claims against defendant Accor and Mr. Ristow.  Therefore, the court may properly join Mr. Ristow as a defendant under Rule 20.

**C.     Whether supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.**

This court has original jurisdiction over plaintiff's state law claim in excess of $ 75,000

---

[18]Memorandum in Support of Plaintiff's Motion to Amend Complaint (Doc. 16) at pp. 2-4.

against defendant Accor pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different

states.  Because plaintiff's claim against Mr. Ristow does not arise under federal law or present a

federal question and Mr. Ristow's citizenship is not diverse from that of the plaintiff, under 28

U.S.C.§ 1332(a), the court must determine whether it has supplemental jurisdiction in this action

to hear plaintiff's state law claim against Mr. Ristow.  Such supplemental jurisdiction is

governed by 28 U.S.C. § 1367.

28 U.S.C. § 1367(b) provides:

> In any civil action of which the district courts have original jurisdiction founded
> solely on section 1332 of this title, the district courts shall not have supplemental
> jurisdiction under subsection (a) over claims by plaintiffs against persons made
> parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure . . . when
> exercising supplemental jurisdiction over such claims would be inconsistent with the
> jurisdictional requirements of section 1332.

Here, the court's subject matter jurisdiction over plaintiff's claim is based solely on 28 U.S.C. §

1332.  However, allowing supplemental jurisdiction over plaintiff's claims against Frederick

Ristow (whether he is added as a party-defendant under Rule 19 or Rule 20) would prove

inconsistent with the jurisdictional requirements of section 1332 which requires complete

diversity between parties.[19]  "In a case with multiple plaintiffs and multiple defendants, the

presence in the action of a single plaintiff from the same State as a single defendant deprives the

district court of original diversity jurisdiction."[20]  Plaintiff, a citizen of Kansas, seeks to add Mr.

Ristow, a citizen of Kansas, as a defendant.  Allowing supplemental jurisdiction over this claim

---

[19]*See Exxon Mobil Corp. v. Allapattah Svcs., Inc.,* 545 U.S. 546, 125 S. Ct. 2611, 2617
(2005).

[20]*Id.*

would defeat the complete diversity requirements of section 1332.[21]

**D.   Assuming joinder, whether this action should be remanded pursuant to 28 U.S.C. § 1447(e).**

28 § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[22]

In contrast to section 1447(e), plaintiff cites *Ansinelli v. Bercu*, a case from the Southern District of Illinois, for the proposition that once a case is removed based on diversity of citizenship the subsequent action by a plaintiff to add a non-diverse party to the suit does not divest the court of its jurisdiction.[23]  Plaintiff is correct in that *Ansinelli* does support plaintiff's proposition. However, the *Ansinelli* court makes no reference to section 1447(e).  Moreover, this court can find no citation by any other court to the *Ansinelli* decision.

It is true that "the jurisdiction of the Court depends upon the state of things at the time [] the action [is] brought []"[24], in application this means that "[w]here there is *no* change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit."[25]  The cases relied upon by the *Ansinelli* court emphasize this

---

[21]*See Bishop v. Moore,* No. 99-2275, 2000 U.S. Dist. LEXIS 2364, at *5 (D. Kan. Feb. 4, 2000) ("where a plaintiff attempts to add a new, nondiverse defendant to his action, however, the court determines that such an addition serves to destroy diversity jurisdiction.").

[22]28 U.S.C. § 1447(e).

[23]Memorandum in Support of Plaintiff's Motion to Amend Complaint (Doc. 16) at p. 4 (citing *Ansinelli v. Bercu*, No. 05-0893, 2006 LEXIS 78553 (S.D. Ill. Oct. 27, 2006)).

[24]*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (citations omitted).

[25]*Id.* at 574 (citation omitted)(emphasis in original).

distinction as all involve "subsequent events" which affect that status of the original parties to the case, not the change or joinder of additional nondiverse parties.[26]

Moreover, courts in the District of Kansas have specifically rejected the argument that "complete diversity must only exist at the time the complaint is originally filed, and subsequent events that alter the terms of that diversity do not destroy diversity."[27]  Instead, courts in the District of Kansas have held "[i]n the case where a plaintiff attempts to add a new nondiverse defendant to his action, . . . the court determines that such an addition serves to destroy diversity jurisdiction."[28]  To hold otherwise, would render section 1447(e) meaningless.[29]

## III.    Conclusion

---

[26]*See generally Ansinelli v. Bercu*, No. 05-0893, 2006 LEXIS 78553 at *6 (S.D. Ill. Oct. 27, 2006).  *See also Rosado v. Wyman*, 397 U.S. 397, 405 n. 6 (1970) (noting that a federal court does not lose diversity jurisdiction when one of the parties later changes domicile or the amount in controversy falls short of the requisite amount); *Grinnell Mutual Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997)(finding that because the amount in controversy failed to meet the requisite amount did not divest the court of jurisdiction under § 1332); *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991)(discussing the court's jurisdiction in hearing appeals of interlocutory decisions pursuant to 28 U.S.C. § 1292(b)); *FDIC v. W.R. Grace & Co.*, 877 F.2d 614, 617 (7th Cir. 1989) (finding that subsequent substitution of a party did not impact the court's diversity jurisdiction); *Smith v. Widman Trucking*, 627 F.2d 792, 799 (7th Cir. 1980)(holding that subsequent changes in citizenship of the *original* parties "are of no jurisdictional significance"); and *Aurora Loan Services, Inc., v. Craddeith*, 442 F.3d 1018, 1026 (7th Cir. 2006)(same).

[27]*Bishop v. Moore,* No. 99-2275, 2000 U.S. Dist. LEXIS 2364, at *5-6 (D. Kan. Feb. 4, 2000).

[28] *Id.*

[29] *Id.* at *7 (citing *Cobb v. Delta Exports, Inc.,* 186 F.3d 675, 680 (5th Cir. 1999); *Sharp v. Kmart Corp.,* 991 F. Supp. 519, 526 (M.D. La. 1998)).  *See also Stubbs v. Kline,* No. 97-2133, 1998 U.S. Dist. LEXIS 8391 (D. Kan. May 20, 1998)("The language of 28 U.S.C. § 1447(e) is clear.  If a non-diverse party is added to the case after it is removed to federal court and destroys complete diversity of citizenship between the parties, the Court must remand the suit to state court.")(citation omitted).

As 28 U.S.C. § 1447(e) is not meaningless, the court must decide whether to (1) join the nondiverse party and remand the case to state court or (2) deny joinder altogether.[30]   The court recommends granting plaintiff's request to join Mr. Ristow because defendant does not oppose joinder and joinder would be proper pursuant to Fed. R. Civ. P. 20(a).  Additionally, while denying the joinder of Mr. Ristow would not necessarily deprive plaintiff of complete relief, as posited by plaintiff, such a result could occur.  Accordingly,

**IT IS THEREFORE RECOMMENDED** that plaintiff's Motion to Amend (Doc. 14) to join Mr. Ristow as a party-defendant be granted.

**IT IS FURTHER RECOMMENDED** that the Clerk's Office be directed to file plaintiff's Exhibit in Support of Motion (Doc. 15) as plaintiff's First Amended Complaint.

**IT IS FURTHER RECOMMENDED** that pursuant to 28 U.S.C. § 1447(e), the case be remanded to the District Court of Pottawatomie County, Kansas.

Copies of these recommendations and report shall be mailed either electronically or via the United States Postal Service to the parties.  Pursuant to 28 U.S.C. § 636 (b)(1), as set forth in Federal Rule of Civil Procedure 72(b) and D. Kan Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

**IT IS SO ORDERED.**

Dated this 9th day of February, 2007, at Topeka, Kansas.

　s/ K. Gary Sebelius 
K. Gary Sebelius
U.S. Magistrate Judge

---

[30]*See* 28 U.S.C. § 1447(e).