jar

# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF KANSAS

| | |
|---|---|
| **DONALD WAYMAN,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) )  Case No. 06-4103-JAR ) |
| **ACCOR NORTH AMERICA, INC.,** **d/b/a MOTEL 6, et al.,** | ) ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM & ORDER ADOPTING REPORT AND RECOMMENDATIONS

This matter comes before the Court on defendant Accor North America Inc.'s Objection (Doc. 30) to the Report and Recommendations (Doc. 28) of Magistrate Judge K. Gary Sebelius. The district court must review de novo, those portions of a magistrate judge's report and recommendations to which an objection is made.[1] Having considered defendant Accor's objection, and having reviewed Judge Sebelius's well reasoned report and recommendation, this Court finds that defendant Accor's objection is without merit, and adopts Judge Sebelius's Report and Recommendations.

## I.   Background

This action arises from an automobile accident, in which plaintiff was struck by a motor vehicle driven by Frederick Ristow and owned and operated Accor. Plaintiff Wayman sued defendant Accor in the District Court of Pottawatomie County, Kansas. Defendant Accor then

---

[1] 28 U.S.C. § 636 (b)(1)(C).

removed the case to this Court.  After this case was removed, plaintiff filed a motion to amend his complaint, to add Ristow as a party defendant.  Defendant Accor disputes whether Ristow was acting in the course and scope of his employment at the time of the collision, and contends that it does not have vicarious liability for any negligence of Ristow.  In the motion to amend, plaintiff argued that Ristow was a necessary party defendant, pursuant to Fed. R. Civ. P. 19(a), because without joinder of Ristow, it was possible that complete relief could not be accorded to plaintiff.  Defendant Accor did not oppose plaintiff's motion to amend.

In his report and recommendations, Judge Sebelius recommended granting the motion to amend.  Judge Sebelius did not find joinder necessary under Fed. R. Civ. P. 19(a), because plaintiff has not shown that he cannot be accorded complete relief without the joinder of Ristow.  But, Judge Sebelius found joinder proper under Fed. R. Civ. P. 20(a), because the claims against defendants Accor and Ristow arise out of the same occurrence and will likely raise common questions of law or fact.  Defendant Accor does not object to this portion of the report and recommendations.

After recommending that the motion to amend the complaint to join Ristow as a party defendant be granted, Judge Sebelius recommended remanding this case to state court for lack of subject matter jurisdiction.  It is undisputed that plaintiff Wayman and defendant Ristow are both citizens of Kansas.  Although this Court had federal jurisdiction at the time the case was removed, joinder of Ristow, a new nondiverse party, destroyed complete diversity of parties and therefore diversity jurisdiction.  Judge Sebelius properly found that lacking diversity jurisdiction, this Court did not have supplemental jurisdiction under 28 U.S.C. § 1367(b), because the court's subject matter jurisdiction over plaintiff's claim is based solely on 28 U.S.C. § 1332.  As such,

Judge Sebelius recommended that the case be remanded to Pottawatomie County, Kansas.

## II.     Objection to Report and Recommendation

Defendant Accor objects to Judge Sebelius's recommendation that this case be remanded. Defendant Accor argues that: (1) plaintiff has "stipulated" that joinder of Ristow does not destroy diversity, and thus the Court should exercise its discretion to honor the parties' desire to keep this action in federal court; (2) the sufficiency of jurisdiction is determined at the time the case is removed to federal court; and (3) equitable considerations favor retention of jurisdiction in this court, where the parties have begun discovery.  None of these arguments is persuasive.

## III.    Discussion

First, the parties cannot create federal jurisdiction by stipulating that joinder of a new, nondiverse defendant does not destroy diversity.  Nor does the Court have "discretion" to retain jurisdiction over a case where diversity has been destroyed by the joinder of a new, nondiverse party.[2]  Moreover, with respect to the argument that jurisdiction is determined at the time of removal, this Court agrees with Judge Sebelius's analysis.  The cases defendant Accor relies upon are either inapposite or inexplicably fail to explain why 28 U.S.C. § 1447(e) does not operate to divest the Court of subject matter jurisdiction under these circumstances.  This Court finds that Judge Sebelius's analysis is correct, and in alignment with prior decisions of this Court that hold that joinder of a new, nondiverse defendant defeats diversity jurisdiction.[3]  Finally, defendant Accor's argument that the Court should retain jurisdiction based on equitable

---

[2]*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

[3]*See, e.g., Bishop v. Moore*, No. 99-2275-GTV, 2000 WL 246583, at *2 (D. Kan. Feb. 4, 2000).

considerations is wholly without merit, where as here, the Court lacks subject matter jurisdiction.

Thus, for substantially the same reasons set forth in the Report and Recommendations of Magistrate Judge Sebelius, the Court overrules and denies defendant Accor's objection, and the Court adopts the Report and Recommendations (Doc. 28) of Magistrate Judge Sebelius

**IT IS THEREFORE ORDERED** that defendant Accor North America Inc.'s Objection (Doc. 30) is overruled and denied and that the Report and Recommendations of Magistrate Judge Sebelius (Doc. 28) are adopted by this Court.

**IT IS SO ORDERED**.

Dated this 15th day of May 2007.

                                             S/ Julie A. Robinson

                                            HONORABLE JULIE A. ROBINSON
                                            United States District Judge